**STATE of Oklahoma, ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Kenneth L. HIRD, Respondent.**

**OBAD No. 1063.
SCBD No. 3866.**

Supreme Court of Oklahoma.

Sept. 28, 1993.

### ORDER APPROVING RESIGNATION PENDING DISCIPLINARY PROCEEDINGS

Pursuant to Rule 7.2, Rules Governing Disciplinary Proceedings, 5 O.S.1991 Ch. 1, App. 1–A, complainant, Oklahoma Bar Association, filed with this Court, certified copies of an Indictment and Judgment in a criminal case wherein Respondent, Kenneth L. Hird, was one of several named defendants. These documents show that Respondent Hird was convicted following a plea of guilty to one count of Bank Fraud, a violation of 18 U.S.C. §§ 1344 and 2; and

one count of Money Laundering, a violation of 18 U.S.C. §§ 1956 and 2, in the United States District Court, Northern District of Texas at Dallas.

Respondent was committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of forty-five (45) months.

Upon receipt of the Indictment and Judgment, this Court entered an Order of Interim Suspension, suspending Respondent from the practice of law until further order, and directed Respondent to show cause, if any he had, why the order of interim suspension should be set aside and why final discipline should not be imposed.

Respondent Hird has now submitted his resignation from the Oklahoma Bar Association pursuant to Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S.1991 Ch. 1, App. 1–A. Complainant Oklahoma Bar Association, through its General Counsel, requests us to enter an Order Approving the Resignation Pending Disciplinary Proceedings of Hird.

Hird has executed an affidavit required by Rule 8.1 and based upon the affidavit, we find that his resignation was freely and voluntarily tendered; he was not acting under coercion or duress and is fully aware of the consequences of submitting his resignation; that he was fully aware there is pending before this Court a disciplinary action containing allegations that there exists grounds for discipline, to-wit: the conviction of a crime which demonstrates Respondent's unfitness to practice law.

Hird's affidavit further recites that he has familiarized himself with the provisions of Rule 9.1, Rules Governing Disciplinary Proceedings, and he agrees to comply with all provisions of 9.1 within twenty (20) days following the effective date of the order entered by this Court approving his resignation.

The affidavit acknowledges that affiant can be reinstated to the practice of law only upon full compliance with the conditions and procedures prescribed by Rule 11, Rules Governing Disciplinary Proceedings, and that he may make no application for reinstatement prior to the expiration of five (5) years from the date of the order approving the resignation. However, Respondent requests this Court accept his resignation and establish June 24, 1992, the day preceding the date he was ordered to surrender to the Federal Bureau of Prisons, as the effective date of his resignation. This we decline to do.

The effective date of resignation pending disciplinary proceedings of Kenneth L. Hird will be the date of this order approving his resignation.

Complainant Bar Association does not seek to impose costs against Respondent because the costs are minimal.

IT IS THEREFORE ORDERED THAT the resignation of Respondent Kenneth L. Hird from the Oklahoma Bar Association, be and the same is hereby approved.

IT IS FURTHER ORDERED THAT Respondent's name be stricken from the Roll of Attorneys, and that he may make no application for reinstatement of his license to practice law and as a member of the Oklahoma Bar Association before the lapse of five (5) years from the date of this order.

IT IS FURTHER ORDERED THAT Respondent comply with Rule 9.1, Rules Governing Disciplinary Proceedings, 5 O.S. 1991, Ch. 1, App. 1–A.

All the Justices concur.